**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-61779-CIV-BLOOM/VALLE**

**LEVI PRUSS**, on behalf of himself and all others similarly situated,

Plaintiff,

v.

**BUY BUY BABY, INC.**,

Defendant.
______________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY; AND REQUEST FOR SANCTIONS**

Defendant Buy Buy Baby, Inc. ("Defendant") respectfully submits this Response in Opposition to Plaintiff's Motion to Permit Limited Expedited Discovery [D.E. 7]. For the reasons set forth below, Plaintiff's Motion should be denied in its entirety, and Defendant should be awarded its costs, including attorney's fees incurred, in responding to this baseless Motion.

**I.**

**INTRODUCTION**

Plaintiff's Motion turns the Federal Rules of Civil Procedure on their head. Rather than investigate whether his Complaint had any factual basis before filing, as required by Rule 11, permit Defendant to respond to his Complaint under Rule 12, or await the initial discovery conference prescribed by Rule 26(d), Plaintiff proposes to fast-forward to impose on Defendant the burden of expedited discovery even before the Court has determined whether his Complaint states a plausible claim for relief. The sole ground he presents for this unprecedented outcome is that he and his counsel failed to investigate the core allegation of his Complaint – that "Plaintiff

never provided 'prior express written consent' or any other form of consent" to Defendant's text messages (Complaint at ¶ 41) – before they filed their proposed class action Complaint.

But the Rules, not surprisingly, permit no such outcome. The time for Plaintiff and counsel to have investigated whether his claims had any factual basis was before, rather than after, they filed his Complaint. *See* Fed. R. Civ. P. 11(b)(3). Their patent failure to do so hardly justifies the extraordinary remedy of expedited discovery, particularly in light of Defendant's pending Motion to Dismiss. Plaintiff's Motion should be denied, and Defendant awarded the costs, including fees, it has incurred in responding thereto.

## II.

## BACKGROUND

### A.   Plaintiff's Complaint Alleges That He Did Not Receive Text Messages.

On August 25, 2015, Plaintiff filed his Complaint, asserting two claims for negligent and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). As he now admits, "the issue of prior express written consent goes to the heart of the Plaintiff's claim * * *." Motion [D.E. 7] at 3. And indeed, the gravamen of his Complaint is he received text messages from Defendant even though he never consented to receive such texts. *See* Complaint at ¶ 41 ("Plaintiff never provided 'prior express written consent' or any other form of consent allowing Defendant * * *[to] send SMS messages to [his] 0976 Number").

Notably, Plaintiff does not qualify this crucial factual allegation as subject to further investigation or discovery. *See* Fed. R. Civ. P. 11(b)(3) ("if specifically so identified," factual allegations may be made where those allegations "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). As such, the Complaint constitutes a representation at the time of filing, that this factual allegation "ha[d] evidentiary support" within the meaning of Rule 11(b). *See id.* ("By presenting to the court a pleading,

written motion, or other paper – whether by signing, filing, submitting or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after a reasonably inquiry under the circumstances * * * the factual contentions [therein] have evidentiary support").

In making this allegation, Plaintiff, or more specifically, his counsel, was duty bound under Rule 11 not to rely simply on Plaintiff's blanket denial that he had never consented to the text messages. Instead, Rule 11 required that counsel investigate Plaintiff's records as well, particularly given that Plaintiff's alleged non-consent "goes to the heart" of his claim. *See, e.g.*, *Worldwide Primates v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996) ("an attorney cannot simply rely on the conclusory representations of a client, even if the client is a long-time friend"). At a bare minimum, the investigation required by Rule 11 to support the filing of Plaintiff's Complaint would have required pre-filing review of the complete text history between Plaintiff's 0976 Number and the 422-29 short code ("422-29 Number") associated with Defendant, and Plaintiff's records with his mobile carrier as to his texting activity to and from the 422-29 Number.

For his part, Plaintiff did not aver or even suggest in his Complaint that he lacked access to his own text history, or allege that he needed to undertake further investigation of that text history. Indeed, his Complaint incorporated six months of that history, consisting of screenshots showing the text messages to his 0976 Number from the 422-29 Number from February to July 2015. *See* Complaint at ¶¶ 17-35 (incorporating multiple screenshots allegedly "extracted" from Plaintiff's mobile device). But the Complaint contained none of the prior texting activity to and from the 422-29 Number, notwithstanding that his prior text history goes to the heart of his claim.

**B. <u>Defendant's Good Faith Attempt To Address Plaintiff's Mistaken Allegation.</u>**

Following review of Plaintiff's Complaint, Defendant brought this omission to the attention of Plaintiff. Through counsel, Defendant contacted Plaintiff to advise that Plaintiff's claim that he did not consent to receive texts was contrary to Plaintiff's own text history. Plaintiff's counsel responded by repeating the core claim of Plaintiff's Complaint – that "[Plaintiff] received text messages from Buy Buy Baby beginning in February 2015 without his consent and out of the blue." 10/5/15 Email from M. Slawe to D. Milian, attached as Ex. B to Motion [D.E. 7-2].

To address this claim, Defendant provided Plaintiff with additional information otherwise in Plaintiff's possession regarding his own texting history. Defendant pointed out that in fact, Plaintiff chose to join Defendant's text messaging program "by texting a recognized keyword to a short code" and proceeding through a double opt-in process to consent to receipt of Defendant's text messages. Defendant also provided to Plaintiff's counsel the time and date of Plaintiff's initiating text to the 422-29 Number. *See ibid*. (identifying that text was sent "on June 15, 2014 (at 2:52 p.m.)"). Defendant also confirmed that Plaintiff thereafter "began to receive the requested messages from Buy Buy Baby." *Id*. Because Plaintiff had in fact solicited Defendant to receive text messages, Defendant indicated that Plaintiff should dismiss his action forthwith, given the October 15, 2015 deadline to respond to Plaintiff's Complaint.

**C. <u>Plaintiff Responds By Filing This Premature Discovery Motion.</u>**

Plaintiff's response was not to dismiss his Complaint, or to amend his Complaint to correct his mistaken allegations of non-consent (which amendment would have required dismissal of the Complaint). Nor did Plaintiff or his counsel undertake to review Plaintiff's complete text history as reflected on his mobile device or as available from his mobile carrier, based on the information Defendant had provided.

Instead, Plaintiff's responded with an email, notifying Defendant that "Plaintiff will be filing a motion to compel the Defendant to produce all documents purporting to show his express consent * * *."  10/6/15 Email of F. Hedin to M. Slawe, attached as Exhibit D to Motion [D.E. 7-4].  Counsel did not explain how a motion to compel discovery could be filed, when no order permitting discovery had been obtained, nor any discovery propounded.  Nor did Plaintiff meet and confer with Defendant as to whether Defendant would agree to an order for expedited discovery, such as sought by Plaintiff's pending Motion.  *See* Local Rule 7.1(a)(3).

Notwithstanding the threat of a discovery motion, Defendant's counsel again reached out to inquire whether, in light of the information provided, Plaintiff's counsel had now undertaken to investigate Plaintiff's complete text history and mobile phone records.  *See* 10/7/2015 Email from M. Slawe to D. Milian (attached hereto as Exhibit A) (inquiring whether counsel had reviewed Plaintiff's "complete mobile phone records and text messaging history").

This inquiry was promptly rebuffed by Plaintiff's counsel.  *See* 10/8/2015 Email from D. Milian to M. Slawe ("Please stop playing games.") (attached hereto as Exhibit A).  Plaintiff's counsel stated that "[o]ur client insists he did not consent."  *Ibid*.  But other than accepting Plaintiff's own say-so, it appears that his counsel did little, if anything, with the information Defendant had provided – by, for example, attempting to obtain and review Plaintiff's complete text history or his mobile phone records.

Absent any such review, Plaintiff's counsel could not deny that Plaintiff had in fact initiated the text communications with Defendant in June 2014, and stated instead only that "[w]e have no records to the contrary."  Remarkably, counsel then suggested that Defendant should turn over its records "[u]nless you're bluffing or mischaracterizing the content of the records in your possession."  *Ibid.*

Notwithstanding Plaintiff's position – and his filing of this Motion on October 7 – Defendant asked again that Plaintiff provide his records relevant to his text history from the date of Plaintiff's original solicitation in June 2014 to the time of filing of this action – rather than the portion included within his Complaint. *See* 10/8/15 Email of M. Slawe to D. Milian, attached as Exhibit A.

Apparently because they had not reviewed Plaintiff's complete text history, Plaintiff and his counsel provided no response. As a result, Defendant was left with no alternative but to respond to the Complaint on October 15, 2015, filing at that time its Motion to Dismiss or in the Alternative for Summary Judgment. Defendant shows in its Motion that – contrary to the allegations of his Complaint – Plaintiff affirmatively solicited the receipt of text messages from Defendant by his initiating text to Defendant's 422-29 Number on June 15, 2014. That initiating text from Plaintiff – and the remainder of the text history between his 0976 Number and the 422-29 Number – belies his putative claim that he "never provided 'prior express written consent' or any other form of consent allowing Defendant * * *[to] send SMS messages to [his] 0976 Number." Complaint ¶ 41.

## III.

## <u>MEMORANDUM OF LAW</u>

### A. <u>Plaintiff Has Not Shown Any Risk Of Prejudice Or Irreparable Injury That Would Support Expedited Discovery.</u>

"The Federal Rules of Civil Procedure provide that parties may not seek discovery prior to the Rule 26(f) scheduling conference, except when authorized by Court order." *Dell Inc. v. BelgiumDomains, LLC*, No. CIV. 07-22674, 2007 WL 6862341, at *6 (S.D. Fla. Nov. 21, 2007), citing Rule 26(d).

The threshold showing required to obtain such an order under Rule 26(d) is a risk of

irreparable injury to the moving party, if early discovery is not permitted. "'Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time.'" *Id*. (quoting *Fimab–Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*, 548 F. Supp. 248, 250 (S.D. Fla. 1982)). The showing is akin to a showing to obtain a preliminary injunction, in that "courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedite discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982); *see also Tracfone Wireless v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (expedited discovery "warranted so that Tracfone may mitigate any additional irreparable harm"). Absent such a showing, the discovery "should be pursued more properly within the structure and supervision afforded by a court-approved scheduling order under Fed. R. Civ. P. 16(b)." *Qwest Communications Int'l, Inc. v. World Quest Networks, Inc.*, 213 F.R.D. 418, 421 (2007).

Here, Plaintiff has not even attempted to show any risk of prejudice, much less irreparable injury, necessary to support expedited discovery. Indeed, in his putative meet and confer, Plaintiff identified no such emergency situation that would warrant the extraordinary remedy of expedited discovery. Instead, Plaintiff stated only his view that forcing discovery obligations on Defendant "at the earliest possible time is in the best interests of the parties and will promote judicial efficiency." 10/6/15 Email of F. Hedin [D.E. 7-4]. But Rule 26 reflects a balancing of the interests of the parties and judicial efficiency, with that balance struck at prohibiting discovery until after the Rule 26(f) conference. Absent any showing of any

emergency, Plaintiff fails to establish any "reasons for departing from the orderly approach to discovery contemplated by Rule 26." *Qwest Communications Int'l, Inc.*, 213 F.R.D. at 421.

Even weaker is the justification that Plaintiff offers in his moving papers. Again, Plaintiff does not purport to identify any emergency that would warrant expedited discovery, much less present any evidence that might support his motion. Instead, and on realizing that the Court can only compel discovery if discovery has been propounded and responses provided, Plaintiff now argues that he should be allowed to propound such discovery, and Defendant ordered to respond on shortened time,[1] because his discovery "goes to the heart of the Plaintiff's claim and Defendant's primary affirmative defense." Motion [D.E. 7] at 3.

But this "explanation" states no more than the axiom that discovery is limited to matters "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). That Plaintiff's discovery may be relevant to his claim hardly distinguishes it from any other discovery, or shows why that discovery should be permitted on an expedited basis, or responses ordered on shortened time. That the discovery may "g[o] to the heart of Plaintiff's claim" shows at most that the claim was filed without reasonable investigation of materials readily available to Plaintiff and his counsel. Absent any risk of irreparable harm, "the Plaintiff has not shown that immediate discovery is necessary in this case." *Platinum Manufacturing Int'l, Inc. v. Urinet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558 (M.D. Fla. 2008). His motion should be denied on that basis alone.

**B. Plaintiff Is Not Allowed Discovery Until The Court Rules On Defendant's Motion To Dismiss.**

Indeed, the only "risk" to Plaintiff here is that Defendant's pending Motion to Dismiss

[1] In this regard, Plaintiff failed to comply with Local Rule 7.1(a)(3), as he did not raise the issue of an order permitting expedited discovery under Rule 26(d) in his meet and confer email, or provide adequate time for Defendant to respond.

will be granted, and his Complaint dismissed before the matter proceeds to discovery. But that is the very purpose of Rules 8 and 12. The mere filing of a baseless Complaint, based on factual allegations that lacked any evidentiary support, does not entitle Plaintiff to embark discovery, and certainly not discovery on an expedited basis.

Instead, Defendant has the right, and the Court has an obligation, to determine whether the Complaint is sufficient under Rules 8 and 12 ***before*** Plaintiff may commence discovery. "[A] plaintiff is not 'entitled' to discovery. A plaintiff must first file a complaint which states a legal claim before the door to discovery is opened." *Cummings v. Mortgage Elec. Registration Sys., Inc.*, No. 1:13-CV-3302-TWT, 2014 WL 3767797, *4 (N.D. Ga. July 30, 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 562, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Put another way, Plaintiff must come into Court with well-pled facts, based on a reasonable investigation under Rule 11, to support his claim for relief. "He is not entitled to discovery to find such facts." *Brown v. Crews*, No. 3:13-cv-36-J-34PDB, 2015 WL 736191, at *7 (M.D. Fla. Feb. 20, 2015).

That is precisely what Plaintiff seeks to accomplish here. Plaintiff was required under Rule 11(b) to obtain the facts to support his core allegation that "Plaintiff never provided 'prior express written consent' or any other form of consent * * *." Complaint ¶ 41. While that allegation is grossly inaccurate, Plaintiff's failure to meet his Rule 11 obligations hardly entitles him to expedited discovery, much less discovery designed to shore up what little investigation, if any, he and his counsel conducted prior to filing. His Motion should be denied, and any decision as to discovery deferred until after the Court rules on Defendant's pending Motion to Dismiss.

**C. Defendant Should Be Awarded Sanctions, Including Its Reasonable Attorney's Fees Incurred In Opposing this Motion.**

Under Rule 37, an unsuccessful movant in a discovery dispute is required to pay the opposing party's costs, including reasonable attorney's fee, in opposing the motion. *See* Fed. R. Civ. P. 37(a)(5). Here, "[b]ecause discovery is normally barred prior to the Rule 26(f) conference" (*Platinum Manufacturing, Inc.*, 2008 WL 927558 at *1), Plaintiff has not yet propounded his proposed discovery.

Even so, Defendant should be reimbursed for the costs it has incurred in opposing this ill-founded Motion, under the Court's inherent authority. "It is well established that courts may award attorney's fees and costs as a sanction pursuant to the court's inherent authority for bad faith litigation." *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51-53 (1991)). The imposition of sanctions pursuant to the Court's inherent power "serves two goals: (1) vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court; and, (2) mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* (internal quotations and citation omitted). Further, attorney's fees and costs may be assessed "against the client or his attorney, or both, when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (citing *Chambers*, 501 U.S. at 45-46).

It is manifest that this Motion was filed in bad faith, as a means of circumventing the Court's review of the allegations of Plaintiff's Complaint, and excusing the failure of Plaintiff and his counsel to conduct the requisite investigation of his claims under Rule 11(b). Rather than respond in a responsible fashion to Defendant's good faith attempt to address Plaintiff's errors, Plaintiff and his counsel instead filed this motion, attempting to "jump the gun" and obtain discovery before the Court had an opportunity to rule on Defendant's Motion to Dismiss.

While Defendant must reserve the right to seek relief under Rule 11(c) for the costs it incurs in moving to dismiss Plaintiff's Complaint, it should be reimbursed for the costs it incurs in the meantime for responding to this Motion.

**IV.**

**CONCLUSION**

Based on the foregoing reasons, Plaintiff's Motion should be denied, and sanctions awarded to Defendant for the costs, including reasonable attorney's fees, it has incurred in responding to the Motion, with the amount of such fees and costs to be determined by motion pursuant to Local Rule 7.3.

Dated: October 15, 2015

Respectfully submitted,

/s/ Daniel O. Mena
Daniel O. Mena, Esq.
Florida Bar No. 059579
E-mail: dmena@arhmf.com
Martha R. Mora, Esq.
Florida Bar No. 648205
E-mail: mmora@arhmf.com
Avila Rodriguez Hernandez Mena & Ferri LLP
2525 Ponce de Leon Boulevard, Suite 1225
Coral Gables, Florida 33134
Telephone: (305) 779-3567
Fax: (305) 779-3561

*Attorneys for Defendant*

AND

Seamus C. Duffy, Esq.*
E-mail: Seamus.Duffy@dbr.com
Michael W. McTigue Jr., Esq.*
E-mail: Michael.Mctigue@dbr.com
Meredith C. Slawe, Esq.*
E-mail: Meredith.Slawe@dbr.com
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2440
Facsimile: (215) 988-2757

*_Pro hac vice_ applications forthcoming

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on October 15, 2015 on all counsel or parties of record on the Service List below.

By: /s/Martha R. Mora
Martha R. Mora

**SERVICE LIST**

David P. Milian, Esq.
dmilian@careyrodriguez.com
Frank S. Hedin, Esq.
fhedin@careyrodriguez.com
Carey Rodriguez O'Keefe Milian Gonya, LLP
1395 Brickell Avenue, Suite 700
Miami, FL 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

*Attorneys for Plaintiff*